IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
Civil Action No. 1:25-cv-49

STATE FARM MUTUAL AUTOMOBILE )
INSURANCE COMPANY, as Subrogee )
of EILEEN ETHEL HENNIE, )
                                             )
                  Plaintiff, )
                                             )         **COMPLAINT**
      v. )
                                               )
US DEPARTMENT OF AGRICULTURE, )
UNITED STATES OF AMERICA, and )
LUIS ANGEL TORO VELEZ, )
                                               )
                  Defendants. )
                                               )

      Plaintiff, State Farm Mutual Automobile Insurance Company, as Subrogee of Eileen Ethel Hennie ("State Farm"), by and through its attorneys, Stephen R. Paul, of The Law Offices of Stephen R. Paul, PLLC, complaining of the Defendants, US DEPARTMENT OF AGRICULTURE ("USDA"), UNITED STATES OF AMERICA, and LUIS ANGEL TORO VELEZ, as follows:

      1.     This is an action for negligence of an employee of the USDA in the operation of a motor vehicle that caused an accident to occur on April 12, 2022. State Farm brings this action as the Subrogee of Eileen Ethel Hennie, as the insurer fully satisfied the claim of its insured for property damage sustained in the collision.

## **JURISDICTION**

      2.     Jurisdiction is proper and vests with this Court pursuant to 28 U.S.C. § 1346(b)(1), 28 U.S.C. § 1402(b) and 28 U.S.C. § 2671 *et seq.*, commonly referred to as the Federal Tort Claims Act or "FTCA."

3. This lawsuit seeks money damages for injury to personal property sustained in an automobile collision occurring in Asheville, North Carolina on April 12, 2022 by the negligence of Defendant Luis Angel Toro Velez, who was a federal employee in the course and scope of his employment with the USDA, and thereby the United States of America, at the time of the incident.

4. On June 1, 2022, State Farm timely submitted a formal claim to the USDA via Form 95 and accompanying documents sent by certified mail, return receipt requested.

5. Plaintiff's counsel received the signed return receipt, dated June 13, 2022, but Defendant never acknowledged the administrative claim filed on behalf of State Farm and failed to respond to any follow-up phone calls or letters.

6. On November 9, 2023, Plaintiff's counsel resubmitted its claim to the USDA via Form 95 with supporting documents.

7. On September 23, 2024, Plaintiff's counsel sent a follow-up letter notifying USDA that acknowledgment of the claim was never received and requesting a response within 60 days of receipt of the letter.

8. To date, USDA has failed to confirm receipt or provide any update on Plaintiff's claim.

9. Pursuant to 28 U.S.C. to 28 U.S.C. § 2401(b) and C.F.R. 912.9(a), Plaintiff filed its claim and allowed a period of over six months for a response. Plaintiff never received an acknowledgement or response from USDA.

10. As a result, State Farm has satisfactorily exhausted its administrative remedy as required by statute and jurisdiction now vests with this Court over the claims against the USDA and Luis Angel Toro Velez for property damage caused in the collision.

## **VENUE**

11. Venue is proper with this Court pursuant to 28 U.S.C. § 1402(b) because State Farm

regularly and routinely transacts business in the State of North Carolina and within the territorial jurisdiction of this Court, and further, because the negligent acts and omissions that form the basis for the claims of State Farm against the USDA all occurred in Asheville, North Carolina, within the territorial jurisdiction of this Court.

## FACTUAL ALLEGATIONS

12. On April 12, 2022, Plaintiff's insured, Eileen Ethel Hennie's 2013 Chevrolet automobile with a 2022 Riverside Retro M-190BH trailer attached was parked in a public vehicular area (PVA).

13. At the same time and location, Defendant Luis Angel Toro Velez was operating a 2015 USDA school bus within the scope of his employment with the Defendant USDA.

14. Mr. Toro Velez did not maintain a proper lookout while making a turn in the PVA and failed to stop his vehicle in a timely manner before hitting Plaintiff's insured's trailer. The USDA school bus's side mirror collided with the back left corner of Plaintiff's insured's trailer and caused damage to the back and side of the trailer.

15. As a direct and proximate result of the collision, the 2022 Riverside Retro M-190BH trailer sustained damage to its rear corner molding, turn signals, rear siding, left-hand siding, and other related damages; State Farm owed its insured a duty to remit payments to restore the property to the condition it was in before the collision.

16. State Farm paid $9,038.00 to and on behalf of its insured in full satisfaction of that obligation pursuant to claim number 33-32Q7-09T.

17. Subrogation entitles State Farm to stand in the shoes of its insured and litigate this action against the Defendants USDA, United States of America, and Luis Angel Toro Velez as the at-fault parties for the loss.

## FIRST CLAIM FOR RELIEF AGAINST USDA, UNITED STATES OF AMERICA, AND LUIS ANGEL TORO VELEZ

18. State Farm re-alleges paragraphs one through seventeen of this complaint as if fully alleged below in their entirety.

19. Mr. Toro Velez, while in the course and scope of his employment with the USDA, owed Plaintiff's insured a duty to exercise the care and caution expected of a reasonable, prudent person, while driving.

20. Mr. Toro Velez, while in the course and scope of his employment with the USDA, breached that standard of care owed to Plaintiff's insured in his:

   a. Failure to maintain a proper look-out;
   b. Failure to keep the vehicle under proper control;
   c. Failure to stop his vehicle in a timely manner;
   d. Failure to yield;
   e. Failure to see what he could/should have seen; and
   f. Other negligent acts and/or omissions and fault which may be proven at trial of this matter.

21. As a direct and proximate result of those failures, the USDA school bus operated by Defendant Toro Velez collided with Plaintiff's insured's 2022 Riverside Retro M-190BH trailer that was parked in the PVA. The Plaintiff's insured's trailer sustained property damage to its rear left corner and siding.

22. State Farm owed a contractual duty to its insured to remit the payments necessary to restore the 2022 Riverside Retro M-190BH to the condition it was in prior to the loss.

23. In full satisfaction of that obligation, State Farm paid $9,038.00 to and on behalf of its insured, Eileen Ethel Hennie.

24. State Farm alleges that the United States of America, through the USDA, owned and self-insured or otherwise provided coverage for the vehicle operated by Luis Angel Toro Velez, rendering the USDA liable for the alleged negligence of Mr. Toro Velez and damages herein claimed by State Farm.

25. State Farm alleges that Mr. Toro Velez was acting within the course and scope of his employment and in the line of duty with the USDA, and accordingly the United States of America, thereby rendering the United States of America, individually and/or through the USDA, vicariously liable for the negligent acts of Mr. Toro Velez and the USDA.

26. The acts and/or omissions set forth in this complaint would constitute a claim against Mr. Toro Velez and the USDA for motor vehicle negligence under the laws of the State of North Carolina.

27. The United States of America is liable and the proper party defendant, pursuant to 28 U.S.C. § 1346(b), 28 U.S.C. § 2671, et seq., and, particularly, 28 U.S.C. § 2674.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, State Farm, prays that defendants be served with this complaint, and, after being duly cited and summoned to appear and answer same and the expiration of all legal delays and due proceedings are had, there be judgment rendered herein in favor of plaintiff, State Farm, against Defendants The United States of America, acting by or through the USDA, and/or Luis Angel Toro Velez for such damages for no less than $9,038.00, together with legal interest from the date of the filing of this complaint until paid, all costs of these proceedings, and other such equitable relief to which plaintiff may be entitled.

RESPECTFULLY SUBMITTED, on this the 13th day of February 2025.

          **THE LAW OFFICES OF STEPHEN R. PAUL**

/s/ J. Bruce Hoof
J. Bruce Hoof (N.C. Bar: 5671)
P.O. Box 16099
Chapel Hill, NC 27516-6099
T: (919) 933-5125
F: (919) 933-9534
bruce@ncsubrogation.com
*Attorneys for Plaintiff*